Filed 12/18/15  P. v. Dibble CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B265379 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA034948) |
| v. | |
| BARRY DIBBLE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant, Barry Dibble, appeals from an order denying his section 1170.126 resentencing petition. Defendant is serving indeterminate life terms for crimes committed in 1995. The first indeterminate term resulted from defendant's conviction of second degree robbery. (Pen. Code, [1] § 211.) The second indeterminate term resulted from defendant's conviction of assault with a deadly weapon other than a firearm or by any means of force likely to produce great bodily injury. (Former § 245, subd. (a)(1), Stats. 1993, ch. 369, § 1, pp. 2168-2169.) Defendant swung a six-to-eight inch knife at the victims. The jury found defendant personally used a knife during the commission of the robbery within the meaning of former section 12022, subdivision (b)(1). (Stats. 1995, ch. 377, § 8, p. 1949.) The jury also found defendant personally used a deadly and dangerous weapon, a knife, in the commission of the aggravated assault within the meaning of section 1192.7, subdivision (c)(23). As noted above, the trial court denied defendant's section 1170.126 sentencing recall petition. The trial court ruled, "One of defendant's current convictions is for robbery (. . . section 211), which is a violent felony pursuant to . . . section 667.5[, subdivision] (c)(9), making [d]efendant ineligible for resentencing under . . . section 1170.126[, subdivision] (e)(1)."

Defendant argues: "[Defendant] is serving a third-'strike' indeterminate sentence for assault which is not a serious or violent felony. That he was also convicted of, and sentenced to prison, on a robbery charge, which is a serious felony does not render him ineligible for recall and resentencing on the charge which is not a serious felony. (*People v. Johnson and Machado* (2015) 61 Cal.4th 674.)" We disagree and affirm the order.

Defendant is ineligible for resentencing. (§ 1170.126, subds. (e)(1), (e)(2).) He is not serving an indeterminate life term for any nonserious, nonviolent felony. Defendant is currently serving indeterminate life terms for second degree robbery, a violent and a serious felony. (§§ 667.5, subd. (c)(9), 1192.7, subd. (c)(19).) In addition, defendant is serving an indeterminate term for felonious aggravated assault in which he personally used a dangerous or deadly weapon, a serious felony. (§ 1192.7, subds. (c)(23), (c)(31).)

---

[1] Further statutory references are to the Penal Code except where otherwise noted.

Thus, both of defendant's terms disqualify him from resentencing. (§ 1170.126, subds. (b), (e)(1).) And during the commission of the current robbery and aggravated assault, defendant was armed with a deadly weapon thereby disqualifying him from resentencing. (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).)

In addition, defendant's appellate counsel has interposed two objections which warrant comment. First, defendant contends there is no showing he was armed. Defendant reasons that the jury convicted him of assault with a deadly weapon *or* by means of force likely to produce great bodily injury. This is incorrect. The jury's verdict reads "assault great bodily injury *and* with deadly weapon, to wit, a knife" which demonstrates he was armed with a deadly weapon (Italics added.) Moreover, the jury found defendant personally used a deadly and dangerous weapon, a knife, within the meaning of section 1192.7, subdivision (c)(23), in the commission of the aggravated assault. We may judicially notice that finding. (Evid. Code, §§ 452, subd. (d), 459, subd. (a); *Bennett v. Regents of University of California* (2005) 133 Cal.App.4th 347, 358, fn. 7 ["Judicial notice can be taken only of the contents of orders, findings of fact, conclusions of law, and judgments"]; *Kilroy v. State* (2004) 119 Cal.App.4th 140, 145 [same].) There is ample evidence defendant used a knife and thus was armed.

Second, defense counsel contends he "does not have the appellate record" we have judicially noticed. On September 11, 2015, we gave notice of our intention to judicially notice the record on direct appeal in *People v. Dibble* (July 1, 1998, B110751) [nonpub. opn.]. (Evid. Code §§ 452, subd. (d), 455, subd. (a), 459, subds. (a), (b).) These judicially noticed documents have been available for appellate counsel's review at all times. Appellate counsel's office is approximately four blocks from the clerk's office where the documents at issue have always been maintained.

The order under review is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


MOSK, J.


BAKER, J.